**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4806**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ANTHONY WAYNE CAMERON,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:95-cr-00266-JAB-2)

Submitted: April 13, 2015         Decided: April 17, 2015

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephen F. Wallace, WALLACE LAW FIRM, High Point, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Wayne Cameron appeals his sentence of 51 months' imprisonment imposed by the district court upon revocation of his supervised release. On appeal, Cameron's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but raising as a potential issue whether the district court properly sentenced Cameron. Although notified of his right to do so, Cameron has not filed a pro se supplemental brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that "is within the statutory maximum and is not 'plainly unreasonable'" will be affirmed on appeal. Id. (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006)). In so evaluating a sentence, we assess it for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. Crudup, 461 F.3d at 438.

A revocation sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors enumerated in 18 U.S.C. § 3583(e) (2012). Crudup, 461 F.3d at 439. The district court also must

2

provide an explanation for its chosen sentence, but the explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. Only if we find a sentence to be procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

Here, the district court properly considered the arguments from counsel, allocution from Cameron, the statutory maximum sentences upon revocation, and the § 3553(a) factors enumerated in § 3583(e) before sentencing Cameron at the bottom of the policy statement range. While the district court's explanation for its sentence was not lengthy, it provided a sentence tailored to Cameron, focusing specifically on the nature and circumstances of his violations of supervised release. We therefore conclude that Cameron's sentence is neither procedurally nor substantively unreasonable and, therefore, is not plainly so.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment revoking

3

supervised release.  This court requires that counsel inform Cameron, in writing, of the right to petition the Supreme Court of the United States for further review.  If Cameron requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Cameron.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED